\*\*E-Filed 3/23/2007\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION,<br>            Plaintiff.<br>      v.<br>LIBERTY NATIONAL MORTGAGE, INC., et al.,<br>            Defendants.<br><br>AND RELATED CROSS-CLAIMS. | Case Number C 07-0504 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO TRANSFER<br><br>[re: docket nos. 5, 11, 15] |

   Defendant Forsythe Appraisals, LLC ("Forsythe") moves to transfer the instant action to Minnesota. Defendants William Lindblade ("Lindblade") and Larry Miller ("Miller") move to dismiss the complaint for lack of personal jurisdiction. Defendant Christopher Vasecka ("Vasecka") moves to dismiss the complaint for lack of personal jurisdiction and improper venue, or, alternatively, to transfer the action to Minnesota. For the reasons discussed below, the motion to transfer will be granted. In light of the transfer, the Court does not reach the motions filed by Lindblade and Miller, and Vasecka.

---

   [1] This disposition is not designated for publication and may not be cited.

Case No. C 07-0504 JF (RS)
ORDER GRANTING MOTION TO TRANSFER
(JFLC1)

## I. BACKGROUND

On December 7, 2006, Plaintiff First Franklin Financial Corporation filed the complaint in this action in the Santa Clara Superior Court. The complaint asserted claims for: (i) breach of written broker agreement; (ii) negligent misrepresentation; (iii) negligence; (iv) implied indemnity; (v) total equitable indemnity; and (vi) money had and received. The complaint named as defendants Liberty National Mortgage, Inc. ("Liberty"), Miller, Lindblade, doing business as Lindblade Appraisal, Inc. ("LAI"), Vasecka, and Vasecka's employer, Forsythe Appraisals, LLC ("Forsythe").[2]

Plaintiff alleges the following: This action stems from a failed mortgage on a parcel of real property in Minneapolis, Minnesota ("the Property"). Liberty is a licensed mortgage broker. Complaint ¶ 2. Liberty entered into a Mortgage Broker Agreement ("the MBA") on or about November 26, 2001. *Id.* ¶ 18. Liberty submitted a loan package to Plaintiff that Plaintiff funded on or about June 8, 2004, in the principal amount of $357,000.00 ("the Loan"). *Id.* Pursuant to the loan, Lawrence Means ("Means") executed a promissory note in favor of Plaintiff and a mortgage in favor of Plaintiff to secure payment of the note. *Id.* ¶ 10-11.

Plaintiff alleges further that Miller, Lindblade, and Vasecka are real estate appraisers. *Id.* ¶ 3-4. Miller and Lindblade, acting on behalf of LAI, prepared an appraisal dated November 19, 2003, that valued the Property at $420,000.00. *Id.* ¶ 5. Vasecka prepared a review appraisal that claimed to confirm the original appraisal of $420,000.00. *Id.* ¶ 6. However, the appraisal reports by Lindblade and Miller on behalf of LAI and by Vasecka on behalf of Forsythe misrepresented the true value of the Property. *Id.* ¶ 15. Other appraisal reports valued the property at $219,500.00. *Id.* Plaintiff was damaged in the amount of $159,928.84 after the Means defaulted on the Loan and the Property was foreclosed and sold. *Id.* ¶ 16.

On January 24, 2007, the defendants removed the case to this Court on the basis of diversity jurisdiction. On January 26, 2007, Liberty answered the complaint and asserted cross-claims against Means, Sonya Means, Miller, Lindblade (doing business as LAI), Vasecka, and

---

[2] The complaint also includes Does 1-100 as Defendants.

2

Case No. C 07-0504 JF (RS)
ORDER GRANTING MOTION TO TRANSFER
(JFLC1)

Forsythe for (i) indemnity; (ii) contribution; (iii) declaratory relief; (iv) misrepresentation; (v) unjust enrichment; (vi) negligence; and (vii) breach of fiduciary duty and/or confidential relationship.  On February 9, 2007, Forsythe answered the complaint and asserted cross-claims against Liberty, Means, Sonya Means, Miller, and Lindblade (doing business as LAI) for (i) indemnity; (ii) contribution; and (iii) declaratory relief.

On January 31, 2007, Lindblade and Miller moved to dismiss the complaint for lack of personal jurisdiction.  On February 9, 2007, Forsythe moved to transfer the action to the District of Minnesota, and Vasecka moved to dismiss the complaint for lack of personal jurisdiction and lack of venue, or, alternatively, to transfer the action to Minnesota.  Plaintiff opposes the motions.  The Court heard oral argument on March 23, 2007.

## II.  LEGAL STANDARD

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  A court may transfer an action under 28 U.S.C. § 1404(a) if transfer would serve the interest of justice and the convenience of parties and witnesses, even if it lacks personal jurisdiction over defendants.  *Reed v. Brown*, 623 F.Supp. 342, 346 (D.Nev. 1985).  Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer.  *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  However, the Court may disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum-shopping.  *Alltrade. Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

A motion to transfer pursuant to § 1404(a) lies within the discretion of the Court.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  The decision whether to grant such a motion turns on the facts of the particular case.  *Id*.  The factors to be weighed in deciding a motion for transfer include:  (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of

forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id*. at 498-99.

### III.  DISCUSSION

Four of the *GNC Franchising* factors provide strong support for granting the motion to transfer.  First, three defendants have had very limited contacts with California.  Lindblade declares that:

> (i) he has been a resident of Minnesota for sixty-seven years; (ii) he is a licensed real estate appraiser in Minnesota, but not in California; (iii) he does not own or lease property in California and has never paid income, property, or use taxes in California; and (iv) his only travel to California has been for vacations and to visit family who live in the state.

Lindblade Decl. ¶¶ 1-4.[3]  Miller declares that:

> (i) he has been a resident of Minnesota for nineteen years; (ii) he is a licensed real estate appraiser in Minnesota, is not licensed in California, and has never been employed in California; (iii) he does not own or lease property in California and has never paid income, property, or use taxes in California; (iv) his only travel to California has been occasional visits to family members who live in the state; and (v) he was an independent contractor for LAI at the time relevant to this litigation.

Miller Decl. ¶¶ 1-6.  Vasecka declares that:

> (i) he has been a resident of Minnesota for twenty years; (ii) he is a licensed real estate appraiser in Minnesota, but not in California, and he has never been employed in California; (iii) he does not own or lease property in California and has never paid income, property, or use taxes in California; (iv) he has never visited or traveled through California; (v) he was an employee of Forsythe at all times relevant to this litigation; and (vi) did not purposely perform any act intended to subject himself to the jurisdiction of Courts in California.

---

[3] Lindblade declares the following about LAI: (i) LAI is a Minnesota "C" Corporation that ceased doing business in 2004; (ii) LAI provided local real estate appraisals within Minnesota and Wisconsin; (iii) LAI was qualified to do business in Minnesota and Wisconsin, but not qualified or licensed to do business in California; (iv) LAI never appointed an agent for service of process in California; and (v) LAI did not have employees or shareholders resident in California, have an office or mailing address in California, own or lease real property in California, or pay income, property, or use taxes in California.  Lindblade Decl. ¶¶ 5-8.

4

Vasecka Decl. ¶¶ 1-5. In light of the limited nature of their contacts with California and, as discussed below, the limited relationship between such contacts and the litigation, it appears highly unlikely that the Court has personal jurisdiction over these defendants.

Second, the moving defendants' contacts with California have little relevance to the litigation. Plaintiff argues that Defendants had relevant contacts because the original appraisal was prepared for a California Company, People's Choice Home Loan, Inc. ("People's Choice"), whose office is in Irvine, California, and because Lindblade and Miller, doing business as LAI, prepared approximately one-hundred and three appraisals that came into the possession of Plaintiff, and that formed the basis of loans worth $20,219,906.00. However, Plaintiff overstates the significance of these facts. There is no evidence that the Defendants did anything more than sell their appraisals to national clearinghouses which then resold them to Plaintiff, nor is there evidence that Defendants solicited People's Choice's business in California. There is no evidence that the moving parties had any negotiations or dealings with Plaintiff in California with regard to the specific appraisals at issue in this litigation. Finally, while LAI or Lindblade may have been granted approval to submit appraisals to Plaintiff, there is no evidence that such approval is anything more than a matter of form, that it has particular relevance to this litigation, or that LAI submitted any appraisals directly to Plaintiff.

Third, it appears that it will be less expensive for the parties to litigate in Minnesota than in California. While Plaintiff may bear additional expense, every other party is either a Minnesota resident, a Minnesota corporation, or a foreign company with its principal place of business in Minnesota. The existence of a Minnesota state court action regarding other aspects of the transaction for the Property also suggests that transfer may reduce litigation costs by permitting increased efficiency in the development of the factual record.[4]

Fourth, it will be easier to gain access to necessary proof in Minnesota because of the

---

[4] The Minnesota state court action is entitled *Liberty National Mortgage, Inc. v. Lawrence Means, et al.* It was filed in June, 2006, six months prior to the filing of the instant action. Plaintiff is not a party to the Minnesota state court suit.

5

Case No. C 07-0504 JF (RS)
ORDER GRANTING MOTION TO TRANSFER
(JFLC1)

availability of defendants and cross-defendants[5] over whom it appears that the Court likely does not have personal jurisdiction.

Plaintiff's choice of forum and California public policy may support keeping this action in this Court, but Plaintiff cites no authority suggesting that a finding in favor of Plaintiff on these factors is sufficient to outweigh the greater number of factors that weigh strongly for transfer. The remaining *GNC Franchising* factors provide little guidance for the Court's consideration of the motion. First, the action will apparently involve questions of California law with respect to the MBA and Minnesota law with respect to the various duties of the real estate appraisers, so this Court has particular familiarity with only a portion of the governing law. Second, the MBA includes a forum selection clause selecting Santa Clara County, but only Plaintiff and Liberty are parties to that agreement, so the clause has no bearing on the analysis of the most appropriate forum with respect to the other defendants or the cross-defendants. Third, even if the MBA was executed in California,[6] Plaintiff and Liberty are the only parties to that agreement and the interpretation of that agreement will be only one of many aspects of this litigation. Finally, the majority of the witnesses essential to determining the merits of this action appear to be parties, so the availability of compulsory process for non-party witnesses does not affect the Court's analysis.

The District of Minnesota apparently has personal jurisdiction over each of the defendants and the cross-defendants, and it is undisputed that venue is proper in that district. The Court therefore concludes that transfer of this action to the District of Minnesota would further both the interests of justice and the convenience of the parties. Because these factors so strongly favor transfer, the Court need not decide whether Plaintiff is forum-shopping.

## IV. ORDER

---

[5] The issue of the Court's jurisdiction over Means and Sonya Means is not before the Court, but it appears unlikely that the Court would have personal jurisdiction over these residents of Minnesota.

[6] The parties dispute whether Plaintiff has provided sufficient evidence in support of its assertion that the MBA was executed in California.

1  Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to transfer is
2  GRANTED.  The action is hereby transferred to the District of Minnesota.  All other pending
3  motions are terminated as moot.

6  DATED: March 23, 2007.

_____
JEREMY FOGEL
United States District Judge

1   This Order has been served upon the following persons:

2   Gina Lorraine Albertson          glalbertson@wolfewyman.com,
                                     erhayes@wolfewyman.com
3
    Gregory K Klingsporn             gklingsporn@pobox.com
4
    Phuong Hong Nguyen               pnguyen@hayesdavis.com, abowman@hayesdavis.com
5
    Brian Christophe Plante          bplante@greenhall.com
6
    Eric M. Schiffer                 emschiffer@wolfewyman.com,
7                                    amdarling@wolfewyman.com

8   Stephen A. Scott                 sscott@hayesdavis.com, sxs1@hayesdavis.com